**Shirl E. HARTLE, Plaintiff–Appellant,**

v.

**PACKARD ELECTRIC, etc., et al., Defendants–Appellees.**

No. 88–4953

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 14, 1989.

Rehearing and Rehearing En Banc Denied Aug. 10, 1989.

Dixon L. Pyles, Pyles & Tucker, Jackson, Miss., for plaintiff-appellant.

Paul O. Miller, III, W. Thomas Siler, Jr., Jackson, Miss., for defendants-appellees.

Before CLARK, Chief Judge, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

Shirl E. Hartle challenges the removal of his cause of action filed in a Mississippi circuit court to the United States District Court and that latter court's subsequent grant of summary judgment in favor of the defendants. Because we find that the federal court lacked jurisdiction of this dispute, we vacate the district court's judgment and remand with instructions that the case be remanded to the Mississippi court from which it was removed.

## I.

Shirl Hartle was terminated from his employment with Packard Electric, a division of General Motors Corporation, on September 2, 1986. He brought suit in the Circuit Court of Hinds County, Mississippi against Packard and various individual defendants. His claims included civil conspiracy to unlawfully terminate his employment with Packard, unlawful interference with his contract of employment, unjustifiable interference with his prospective economic advantage, and wrongful termination. As part of his relief, Hartle sought reinstatement as a salaried employee at Packard and the restoration of all benefits afforded salaried employees.

The defendants' petition for removal asserted that the district court had original jurisdiction over the claims under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* Diversity jurisdiction is not present in this case. Hartle's motion to remand the case was denied by the magistrate, who stated that since the complaint attempted "to create or attach significant rights to pension and other employee benefits that are regulated by federal law," Hartle's claims were preempted by ERISA and removable.

## II.

It is well-settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *See Louisville & Nashville Railroad v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Federal preemption is ordinarily raised as a matter of defense, and therefore does not authorize removal to federal court. In *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), however, the United States Supreme Court held that state law actions displaced by the civil enforcement provisions of ERISA can be characterized as claims arising under federal law. Therefore, such actions can properly be removed to federal court even though ERISA preemption does not appear on the face of the complaint.

A prerequisite to this exercise of jurisdiction, however, is that the state law claims actually be preempted by ERISA. The preemption provisions of ERISA are expansive:

> Except as provided in subsection (b) of this section [the saving clause], the provisions of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan ..."

29 U.S.C. § 1144(a).

The purpose of this preemption clause is to "establish pension plan regulation as exclusively a federal concern." *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981). In keeping with this broad purpose, the Supreme Court has held that a state law "relates to" an employee benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985).

Hartle's claims are all based on Mississippi common law. In order to prevail on several of those claims, Hartle must prove that he had a fixed-term employment contract with Packard. To that end, he alleged in his complaint that his eligibility for pension and certain other benefits provided under the General Motors employee benefit plan created an employment contract until the year 2002, when Hartle would attain mandatory retirement age. Also, Hartle made investments in the common stock of General Motors through the employee

stock ownership program, a part of the benefit package. Therefore, he argues, he gave valuable consideration in addition to his obligation of service, and his employment was no longer terminable at Packard's will.

Based on the assertions in Hartle's pleading, the magistrate characterized this action as one related to an employee benefit plan and thus preempted by ERISA. This is a mischaracterization. Unlike other cases in which preemption has been found to exist, Hartle's case does not in any manner implicate the federal regulation of employee benefit plans. This is not an action to recover benefits under a plan. *See, e.g., Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Nor does this action encompass the processing of claims for benefits under a regulated plan. *See, e.g., Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Rather, Hartle asserts that as a matter of Mississippi law, his participation in various phases of GM's employee benefit plan has changed his at will employment status with Packard to one which conferred tenure.

These claims are only peripherally connected to the concerns addressed by ERISA. None of these connections warrant a finding that the state laws "relate to" a covered plan for the purposes of preemption.

### III.

Hartle's claims do not arise under the laws of the United States. Since the parties are not diverse, the federal district court was without jurisdiction to hear this case. Summary judgment in favor of the defendants is vacated and the case is remanded with instructions to remand to the Circuit Court of Hinds County, Mississippi.

VACATED and REMANDED with INSTRUCTIONS.