**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 98-50158

---

TRANSITIONAL HOSPITALS CORPORATION,

Plaintiff-Appellant,

VERSUS

BLUE CROSS AND BLUE SHIELD OF TEXAS, INC, (in Re: Isaac Davis);
COMMUNITY INSURANCE, INC; ANTHEM INSURANCE COMPANIES, INC;
ARMCO, INC; ARMCO, INC. BENEFIT PLANS ADMINISTRATIVE COMMITTEE,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Texas

---

January 25, 1999

Before REYNALDO G. GARZA, STEWART and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge.

Plaintiff-Appellant Transitional Hospitals Corporation ("THC") appeals the district court's grant of summary judgment for Defendants-Appellees, Blue Cross and Blue Shield of Texas, Inc. ("Blue Cross"), Community Insurance, Inc. ("Community"), Anthem Insurance Companies, Inc. ("Anthem"), Armco, Inc. ("Armco"), and Armco, Inc. Benefit Plans Administrative Committee ("Armco

1

Administrative Committee"). We affirm in part, reverse in part and remand to the district court.

FACTS AND PROCEEDINGS BELOW

The district court accepted the following facts as true for purposes of summary judgment analysis. Isaac Davis (now deceased) was a retiree of Armco and a participant in Armco's self-funded employee welfare benefit plan subject to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, ("ERISA"). Davis, a 70-year-old male, was an inpatient at THC-Houston, a long-term acute care hospital facility in Houston, Texas from December 28, 1993 thru July 15, 1994. He incurred hospital expenses of over $494,000, of which nearly $225,000 remain unpaid. THC received $1,255 from Blue Cross, and $69,000 from Medicare. THC took another $160,000 in Medicare contractual write-offs.

THC alleges that the defendants misrepresented that Armco's ERISA plan would reimburse THC for 100% of Davis's hospital bills after exhaustion of his Medicare benefits. THC maintains that the defendants made the misrepresentations before Davis was admitted as a transfer patient to the hospital and again several months later when his Medicare benefits were exhausted. When THC presented the defendants with the bill, defendants determined that THC was a nonparticipating hospital under Armco's ERISA plan. THC was therefore entitled to collect only $1,255,[1] which has been paid.

---

[1]The Plan provides:

2

THC sued Blue Cross, Community and Anthem in state court in Travis County, Texas, alleging breach of contract, common law misrepresentation and statutory misrepresentation under the Texas Insurance Code, Art. 21.21. Defendants removed the action to federal court on the ground that THC's claims were preempted by ERISA. THC subsequently amended its complaint to add Armco and Armco Administrative Committee as parties and to assert a claim under 29 U.S.C. § 1132(a)(1)(B), ERISA's civil enforcement

---

1.0 **Benefits In Participating Hospitals**
When you are admitted for treatment as an inpatient to a Participating Hospital of a Blue Cross Plan, which is under contract to provide benefits under the Program, benefits will be provided for semiprivate room accommodations and all other services provided by the hospital for the diagnosis and treatment of your condition including treatment in an intensive care unit.
...
1.2 **Benefits in Other Hospitals**
Throughout the United States, Blue Cross Plans which are not under contract to provide benefits under the Program, and most of their participating hospitals, have agreed to provide service benefits for subscribers of other Blue Cross Plans who are hospitalized in their areas. When you are admitted to such a participating hospital of a Blue Cross Plan, you will receive the benefits which subscribers of such Plan are entitled to receive, but for the number of days for which you are eligible under the Program as set out below.

1.3 If you are admitted to an accredited hospital which is neither a Participating Hospital nor covered under a Blue Cross reciprocal arrangement, you will be entitled to benefits for covered hospital services in accordance with the following schedule:

(a) up to $25.00 for the first day of hospitalization and

(b) up to $10.00 per day for each additional day of hospitalization, for the remaining number of days for which you are eligible under the Program as set out below.

3

provision.

The district court granted summary judgment for defendants on all claims. We review the grant of summary judgment *de novo*, applying the same standards as the district court. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

ERISA PREEMPTION

The dispositive issue before this court is whether ERISA preempts THC's state-law claims relating to the defendants' alleged negligent misrepresentations regarding Davis's coverage under Armco's ERISA plan. ERISA, 29 U.S.C. § 1144(a), preempts all state laws insofar as they "relate to any employee benefit plan covered by the Act." State law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). However, some state laws may affect an ERISA plan in "too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Id.* at 100 n.21

ERISA does not preempt state law when the state-law claim is brought by an independent, third-party health care provider (such as a hospital) against an insurer for its negligent misrepresentation regarding the existence of health care coverage. *See Memorial Hosp. System. V. Northbrook Life Ins. Co.*, 904 F.2d 236, 243-46 (5th Cir. 1990). However, a hospital's state-law claims for breach of fiduciary duty, negligence, equitable

4

estoppel, breach of contract, and fraud are preempted by ERISA when the hospital seeks to recover benefits owed under the plan to a plan participant who has assigned her right to benefits to the hospital. *See Hermann Hosp. v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 1290 (5th Cir. 1988)(*Hermann I*).

In *Cypress Fairbanks Med. Center, Inc. v. Pan-American Life Ins. Co.*, 110 F.3d 280 (5th Cir.), *cert. denied*, 118 S. Ct. 167 (1997), this court discussed what some lower courts characterized as tension between *Memorial* and our earlier holding in *Hermann I* and determined that the cases were consistent with one another. *Id.* *Cypress* examined the scope of the holding in *Memorial:* did *Memorial* preclude ERISA preemption for all claims brought by third party providers of medical services or does *Memorial* require a fact-sensitive inquiry into whether the medical provider could be properly characterized as an independent, third-party provider or as an assignee asserting a derivative claim for ERISA benefits? *See Cypress*, 110 F.3d at 284.

*Cypress* begins by reexamining the basis of our holding in *Hermann I.* Hermann Hospital provided medical services to a patient after Hermann was informed by the insurance company that the patient was covered by a health plan governed by ERISA. *See id.* The insurance company neither declined nor tendered payment, but told Hermann that the claim was being investigated. *See id.* Hermann filed suit alleging state-law causes of action for breach

5

of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud. *See id.* Hermann did not assert violations of Texas's Insurance Code. *See id.* Important to our determination that Hermann's claims were preempted was our reading of the Supreme Court's decisions in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) and *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). *See Cypress*, 110 F.3d at 284. These cases, we reasoned, stood for the proposition that where a claim relates to an employee benefit plan governed by ERISA and are "based upon state law of general application and not a law regulating insurance," that state-law cause of action is preempted by ERISA. *Hermann I*, 845 F.2d at 1290. *Cypress* then examines the underpinnings of our *Memorial* decision. *Cypress*, 110 F.3d at 284. In *Memorial*, we distinguished *Hermann I*, on the ground that "the hospital was aggrieved over a plan's delay in processing its claim and was seeking recovery of plan benefits allegedly owed to its assignor." *Memorial*, 904 F.2d at 249 n. 20. We further suggested that *Hermann I* did not control the situation faced by Memorial Hospital because the claims in *Hermann I* were dependant on and derived from the rights of the plan beneficiaries to recover benefits under the terms of the plan." *Id. Cypress* then concludes:

> [T]he difference between *Hermann I* and *Memorial* has nothing to do with the bare existence of an ERISA plan. Rather, the proper inquiry is whether the beneficiary under the ERISA plan was covered at all by the terms of the health care policy, because if the beneficiary was

6

not, the provider of health services acts as an independent, third party subject to [the] holding in *Memorial*.

*Id.* at 285. The patient in *Cypress* had no coverage at all under the health care policy in question and we therefore held that there was no ERISA preemption.

It is undisputed that Davis was entitled to benefits under the ERISA plan of $25 for the first day of hospitalization and $10 for each day thereafter up to 120 days. In fact, the Armco plan paid $1,255 to THC in accordance with the terms of the policy. Defendants' payment amounted to about .5% of the total amount claimed by THC. THC characterizes the benefits paid as *de minimus*, and argues that *de minimus* coverage should be treated the same as "no coverage" for purposes of ERISA preemption analysis. Defendants argue that the language in *Cypress* asking whether there was coverage "at all" precludes an exception for *de minimus* coverage.

Both arguments miss the mark.[2] *Cypress* speaks in terms of no coverage "at all" because that was the fact scenario presented to the court for consideration in that case, which placed the case clearly within *Memorial*'s purview and precluded preemption. We did not intend, nor did we have the authority, to disregard the

---

[2]The fact that no party advocated the precise basis of our decision notwithstanding, we must inquire, *sua sponte*, concerning the existence of subject matter jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211, 217 (5th Cir.), *cert. granted*, ___ U.S. ___, 1998 WL 651066 (1998).

analytical framework constructed in *Hermann I* and *Memorial.* That framework requires, when there is **some** coverage, that the court take the next analytical step and determine whether the claim in question is dependent on, and derived from the rights of the plan beneficiaries to recover benefits under the terms of the plan. *See Cypress*, 110 F.3d at 284; *see also Lordmann Enterprises, Inc. v. Equicor, Inc.*, 32 F.3d 1529 (11th Cir. 1994)(holding that ERISA does not preempt state-law claim of negligent misrepresentation). THC's state-law claims alleging common law misrepresentation and statutory misrepresentation under the Texas Insurance Code Art. 21.21[3] are not dependent on or derived from Davis's right to recover benefits under the Armco plan. Rather, THC alleged that, "[t]o the extent that Davis is not covered by the Policy as represented by Blue Cross to THC," Defendants made misrepresentations actionable under common law and the Texas Insurance Code. On the other hand, THC's breach of contract claims based on defendants' alleged failure to pay the full amount of

---

[3]Art. 21.21, Sec. 3. of the Texas Insurance Code provides,

> No person shall engage in this state in any trade practice which is defined in this Act as . . . an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

Sec. 4. defines unfair methods of competition, including:

> (1) Making . . . any . . . statement misrepresenting the terms of any policy issued . . . or the benefits or advantages promised thereby . . . .

8

benefits due under the terms of the policy are preempted. We must therefore reverse the district court's summary judgment for defendants based on preemption of THC's misrepresentation claims, and affirm summary judgment for defendants on THC's contract claims.

## ERISA CLAIMS

THC appeals the district court's holding that the plan administrator did not act arbitrarily or capriciously by paying THC the nonparticipating hospital rate in accordance with the plain language of the plan. We agree that THC did not raise a genuine issue of material fact concerning benefits due to THC as Davis's assignee under the ERISA plan. The maximum benefits to which Davis was entitled under the plan for his hospitalization at THC are set forth in § 1.3 of the plan, the section relating to nonparticipating hospitals; it is undisputed that the plan administrator paid those benefits in full. Therefore, we affirm the district court's grant of summary judgment for defendants on THC's civil enforcement action under 29 U.S.C. § 1132, which moots THC's arguments concerning who has standing to bring a § 1132 action.

## RELATIONSHIP AMONG PLAN ENTITIES

The district court's order does not purport to resolve issues concerning alleged agency relationships that may have existed between the various defendants. This opinion likewise does not reach the question.

CONCLUSION

The district court's summary judgment for defendants based on preemption of THC's misrepresentation claims is REVERSED. The district court's summary judgment for defendants based on preemption of THC's contract claims is AFFIRMED. Summary judgment on the issue of THC's civil enforcement action pursuant to 29 U.S.C. § 1132 is also AFFIRMED. We REMAND the case to the district court which may exercise or decline to exercise its supplemental jurisdiction over the remaining claims.[4] *See* 28 U.S.C. §1367(c).

REVERSED in part, AFFIRMED in part, and REMANDED.

---

[4]We note that the procedural posture of this case is distinguishable from *Cypress*, in that the *Cypress* plaintiff asserted no ERISA preempted contract cause of action. *See Cypress*, 110 F.3d at 281-82. THC's preempted contract claims vested the federal court with supplemental jurisdiction over its remaining claims. *See* 28 U.S.C. § 1367.