**BOARD OF TRUSTEES OF THE TOTAL COMMUNITY ACTION INC. EMPLOYEES' RETIREMENT PLAN AND TRUST**

v.

**PAN AMERICAN LIFE INSURANCE COMPANY**

No. CIV. A. 00–1597.

United States District Court, E.D. Louisiana.

Sept. 20, 2000.

Richard Anthony Goins, Goins & Aaron, New Orleans, LA, for Plaintiff.

Darryl J. Foster, Lemle & Kelleher, LLP, New Orleans, LA, for Defendant.

## ORDER AND REASONS

LEMELLE, District Judge.

This matter is before the Court on the motion of the plaintiff, Board of Trustees of the Total Community Action Inc. Employee's Retirement Plan and Trust ("TCA"), to remand this case to the Civil District Court for the Parish of Orleans. In addition, the plaintiff seeks attorney's fees on the basis that defense counsel was aware that removal was improper. For the reasons that follow, the plaintiff's Motion to Remand is **GRANTED** and the case is **REMANDED** to the Civil District Court for the Parish of Orleans. In addition, the Motion for Attorney's Fees is **DENIED**.

On May 31, 2000 the defendants, Pan–American Life Insurance Company("Pan American"), filed a notice of removal with the Court. The Notice of Removal asserts that the Court has federal question jurisdiction over the instant case because TCA's lawsuit seeks benefits allegedly due under the Total Community Action Employee's Retirement Plan and Trust and as such is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

On June 30, 2000, TCA filed a Motion to Remand the case to the Civil District Court for Orleans Parish. In TCA's memorandum in support of its motion, it contends that its state-based claims are not preempted because their petition seeks damages for breach of a group annuity contract and not benefits pursuant to the terms of an ERISA plan and therefore, removal is improper. On this basis, the Board maintains that remand is required because this Court lacks subject matter jurisdiction.

In response to TCA's motion to remand, Pan American argues that removal is grounded on the basis that the plan in question is an ERISA plan and that TCA funded the plan in whole or in part by purchase of the annuity contract at issue.

### I. ERISA PREEMPTION

This Court agrees that the defendant has failed to satisfy its burden to avoid remand. Pursuant to statute, removal is generally available to the defendant in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" founded on the existence of a claim or right "arising under" federal law. 28 U.S.C. § 1441(a) and (b).

The Fifth Circuit has recognized that most errors regarding ERISA preemption stem from a failure to clearly distinguish between the concepts of "ordinary" and "complete preemption." The Court attempted to clarify the distinction in *Hubbard v. Blue Cross & Blue Shield Association*, 42 F.3d 942 (5th Cir.1995).

In *Hubbard*, the Fifth Circuit explained that, "... preemption of state law by federal law is a defense to a plaintiff's state law claim, and therefore cannot support federal removal jurisdiction under the 'well-pleaded complaint' rule. 'Complete preemption,' in contrast, exists when the federal law occupies an entire field, rendering any claim a plaintiff may raise necessarily federal in character." *Id.* at 945 n. 5*(citing Franchise Tax Board v. Con-*

*struction Laborers Vacation Trust For Southern California,* 463 U.S. 1,24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

Section 514 (a) of ERISA provides in relevant part:

> ... [t]he provisions of this subchapter ... shall supercede any and all state laws insofar as they may now or hereafter *relate to* any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title...

29 U.S.C. § 1144(a)(West 1999).

 Section 514(a) provides for the ordinary preemption of "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" regulated by that statute. Preemption pursuant to section 514(a), however, merely results in the displacement of state law. Because ordinary preemption almost invariably arises as a defense, and thus does not appear on the face of the plaintiff's well-pleaded complaint, section 514(a) preemption typically cannot serve as the basis for removal jurisdiction. As the Supreme Court stated in *Metropolitan Life Ins. Co. v. Taylor,* "ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).[1]

 Thus, if a state law relates to an employee benefit plan, it is preempted by ERISA.[2] In this case, the Court addresses the scope of § 514(a) of ERISA which speaks expressly to the question of preemption. The issue is whether plaintiff's suit for breach of an annuity contract *relates to* an employee benefit plan within the meaning of § 514(a), and if so, whether any exception in ERISA saves it from preemption. Here, it is unnecessary to decide whether any provision saves plaintiff from ERISA because the plaintiff's claim does not *relate to* an employee benefit plan.

 The question of whether a certain state action is preempted by federal law is one of congressional intent. *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1293 (5th Cir.1989)*(citing Allis–Chalmers Corp., v. Lueck,* 471 U.S. 202, 208, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)). The Supreme Court has observed that the express preemption provisions of ERISA are deliberately expansive and designed to "establish pension plan regulation as exclusively a federal concern." *Pilot v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). A law relates to an employee benefit plan, in the normal sense of the phrase. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85 at 96–7, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).[3]

---

**1.** In contrast, complete preemption not only displaces substantive state law, but also "recharacterizes" preempted state law claims as "arising under" federal law for the purposes of determining federal question jurisdiction, typically making removal available to the defendant. Thus, complete preemption principally determines not whether state or federal law governs a particular claim, but rather whether that claim will, irrespective of how it is characterized by the complainant, be treated as "arising under" federal law. In sum, complete preemption "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," generally rendering the entire case removable to federal court at the discretion of the defendant. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

**2.** The jurisprudence provides that ERISA preempts state law causes of action as they relate to employee benefit plans even though the cause of action arises under a "general" state law which in and of itself has no impact on employee benefit plans. *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1292 (5th Cir. 1989).

**3.** The Supreme Court in *Shaw v. Delta Air Lines,* provided, "the bill that became ERISA originally contained a limited preemption clause, applicable only to state laws relating to the specific subjects covered by ERISA. The Conference Committee rejected these provisions in favor of the present language, and indicated that the section's preemptive scope was as broad as its language." *Shaw v. Delta Air Lines,* 463 U.S. 85, 98, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The bill's legis-

As broad as ERISA's preemptive scope has been stated to be, however, it has its limits. *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir.1994). The Supreme Court noted in *Shaw* that "some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law relates to the plan." *Hook*, 38 F.3d at 781.*(citing Shaw* at 463 U.S. at 100, 103 S.Ct. 2890). The Court's warning in *Shaw* on the limits of ERISA preemption stem from the Court's view that ERISA's scope, though comprehensive, remains subject to the traditional principle of federalism. *Hook*, 38 F.3d at 781.

The Fifth Circuit has held that § 514(a) preempts a state law claim if that claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan. In addition, the claim must directly affect the relationship between traditional ERISA entities. Though the Fifth Circuit has not dealt specifically with the issue of whether a breach of an annuity contract used to fund a plan is preempted, the Court has held that ERISA preempts state law claims of fraud, breach of contract or negligent misrepresentation *that have the effect of orally modifying the express terms of an ERISA plan and increasing plan benefits for participants or beneficiaries who claim to have been misled. See Corcoran v. United HealthCare Inc.*, 965 F.2d 1321, 1334 (5th Cir.1992).

In *Pension Plan Employees of Battenfeld Grease & Oil Co. v. Principal Mutual Life Insurance Co.*, 62 F.Supp.2d 1055, 1055–56 (W.D.N.Y.1999), plaintiff brought claims alleging breach of fiduciary duty and breach of two annuity contracts which funded the ERISA plan. From the inception of the plan, all monies deposited pursuant to the contract were invested in a General Asset Fund, sometimes referred to as the General Account. *Id.* at 1057. The plaintiff sued on the basis of the termination options of the annuity contracts which were altered during the course of the contract. *Id.* at 1058. The plaintiff argued that ERISA does not preempt its state law contract claim since, "the breach of contract claim ... at issue has no connection to any question of plan structure or administration...[the plaintiffs'] claim against Principal arises under a private contract, and not under the terms of an employee benefit plan." *Id.* at 1059.

The district court in *Principal Mutual Life* held that the breach of contract claim was not preempted by ERISA. They stated that "[A]lthough at first blush the breach of contract claim may appear to be an alternate enforcement mechanism, that claim is not dependant on the ERISA pension plan, but merely on the existence of the contracts at issue..." *Id.* at 1060.

■ Thus, though ERISA's preemptive scope may be broad, it does not reach claims that do not involve the administration of plans, even though the plan may be a party to the suit or the claim relies on the details of the plan. *Hook v. Morrison Milling Co.*, 38 F.3d 776, 784 (5th Cir. 1994).[4]

As in *Principal Mutual Life*, this Court's research shows that those cases which have preempted breach of contract claims did so in conjunction with suits alleging state-law causes of action for

lative history clearly shows that Congress intended the ERISA preemption clause to have an expansive reach. *Id.*

4. *See also Hartle v. Packard Elec.*, 877 F.2d 354 (5th Cir.1989). In *Hartle*, an employee who sued his former employer for various tort claims arising out of his termination. He alleged that he had a fixed-term employment contract and therefore could not be fired at will. To prove his case, he relied on certain details in the employer's ERISA plan, to which he had contributed. The Fifth Circuit concluded that the employee's claim "does not in any manner implicate the federal regulation of employee benefit plans" because the employee neither sought benefits nor alleged improper processing. *Id.* at 356. Though an ERISA plan was at issue, the employee's claim was only "peripherally connected to the concerns addressed by ERISA." *Id.*

breach of fiduciary duty, negligence, equitable estoppel, breach of contract, or fraud in regard to the determination of benefits. *See McNeil v. Time Insurance Company,* 205 F.3d 179 (5th Cir.2000); *see also Transitional Hospitals Corp. v. Blue Cross and Blue Shield of Texas,* 164 F.3d 952 (5th Cir.1999); *see also Hubbard v. Blue Cross and Blue Shield Assoc.,* 42 F.3d 942, 946 (5th Cir.1995); *see also Clancy v. Employers Health Ins. Co.,* 82 F.Supp.2d 589 (1999). The defendants have cited a number of cases which further illustrate this point.

In *Pilot Life Ins. Co., v. Dedeaux,* 481 U.S. 41, 43, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Court held that ERISA preempts state law contract actions which asserted improper processing of a *claim for benefits* under an insured employee benefit plan. In *Harris Trust and Savings Bank v. Salomon Smith Barney, Inc.,* —— U.S. ——, ——, 120 S.Ct. 2180, 2187, 147 L.Ed.2d 187 (2000), the Court's holding applied to alleged *violations of ERISA or of an ERISA plan.*

Further, the defendant incorrectly asserts that the district court decision in *Stonewall Jackson Memorial* does not apply, while the brethren district court is not controlling, it is definitely persuasive. In *Stonewall,* the parties effectuated an agreement under which plan assets were invested through an annuity contract. *Stonewall v. American United Life Ins.,* 963 F.Supp. 553, 556 (N.D.W.V.1997). The plaintiff brought suit in state court because the defendant amended the contract in derogation of the annuity contract's original terms. The court remanded the case to state court on the grounds that it was procedurally defective. They further stated that even if the defendants had followed the proper removal procedure, remand would still be appropriate because of lack

of original jurisdiction. *Id.* at 559. The court stated:

> The claims presently before the Court do not involve the attempted recovery of benefits by plan participants or beneficiaries under the terms of an ERISA plan and, therefore, do not fall directly within the ambit of *Metropolitan Life,* whose holding was expressly confined to benefit recovery claims.

*Stonewall,* 963 F.Supp. at 561. The court in *Stonewall* concluded that the claims within the plaintiff's complaint were not within the preemptive scope of ERISA.

■ In the present case, TCA seeks damages due to a breach of a group annuity contract. According to the contract, funds in a Deposit Account[5] "shall be and remain a part of the general funds of Pan–American." *Plaintiff's Memorandum in Support of Motion to Remand.* As in *Principal Life* and *Stonewall,* the breach of contract claim has no connection to any question of plan structure or administration. This lawsuit revolves around the issue of market value adjustments applied to a private group annuity contract and not under the terms of an employee benefit plan.

TCA's claim does not address a right to receive benefits under the terms of an ERISA plan or that Pan–Am improperly processed its claim for benefits. They seek damages only for the Board's alleged breach of the annuity contract. Further, the defendant has not shown that a finding for either party on the breach of the contract claim will affect the obligations owed to the others under the provisions of the ERISA plan.

In Pan Am's Opposition, it asserts for the first time that this Court has jurisdiction under § 502(a)(3). Section 502(a)(3) provides that a civil action under ERISA may be brought:

---

**5.** A bank and its depositor have a creditor/debtor relationship. A deposit account is a credit maintained by the bank in favor of the depositor. *In Re Housecraft Industries, USA, Inc., 155 B.R. 79, 86 (1993); see also,* D.

Greene, *Deposit Accounts As Bank Loan Collateral Beyond Setoff to Perfection—The Common Law Is Alive and Well,* 39 Drake L.Rev. 259, n. 24–26 (1990).

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3)(West 1999).

The Supreme Court has provided that Congress clearly manifested an intent to make causes of action *within the scope of the civil enforcement provisions of § 502(a)* removable to federal court. *Taylor*, 481 U.S. at 65, 107 S.Ct. 1542. A prerequisite to this exercise of complete preemption jurisdiction, however, is that the state law claims are actually preempted by ERISA. *Hartle v. Packard Electric*, 877 F.2d 354, 355 (5th Cir.1989). The court must determine whether the substance of the claims falls within the scope of the federal statute. *Stonewall*, 963 F.Supp. at 560.

Defendant's claim under § 502(a)(3) does not avoid remand for the same reasons that it cannot survive § 514. The language of § 502(a)(3) applies to *violations of an ERISA plan* or *enforcement as to the terms of a plan*. Neither of these claims is present in the plaintiff's case.

Applying the above statutory enactments, congressional intent, and judicial precedents, this Court finds that plaintiff's state law contract action does not "relate to" an employee benefit plan and does not fall within the preemptive scope of § 514(a) or § 502(a).

## II. *ATTORNEY'S FEES*

Plaintiff argues that attorney's fees should be granted in light of the defendant's "improvident" attempt to remove this case to federal court. The plaintiff contends that the defendant knew that removal was improper on the basis of the pleadings, the prior history of the case and the fact that Pan–Am had two counsel who unsuccessfully sought removal on these grounds in prior cases.

Defendant contends that it had a reasonable basis for removal, particularly its second claim under § 502(a)(3). They argue that the complexity of the law should be considered in determining whether attorney's fees should be granted. Section 1147(c) provides, in pertinent part:

An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1147(c)(West 1994).

■ The determination of whether attorney's fees should be granted is left to the court's discretion to be exercised based on the nature of the removal and the nature of the remand. *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir.1993). To determine whether removal jurisdiction existed, defense counsel had only to consider the complaint at the time the petition for removal was filed. *Id.* A court's discretion to award attorney's fees under § 1447(c) is triggered only if the court first finds that the defendant's decision to remove was legally improper. *Id.* at 929.

■ This Court agrees with the defendant in that, given the complexity of the law of federal preemption in ERISA cases as recognized by the Fifth Circuit, it had a reasonable basis to remove this matter to this Court. The prior cases the plaintiff cites regarding Pan–Am's knowledge of ERISA preemption are distinguishable from the instant case. Accordingly,

IT IS **ORDERED** that Plaintiff, Total Community Action Inc. Employee's Retirement Plan and Trust's Motion to Remand this case is **GRANTED.**

IT IS **FURTHER ORDERED** that Civil Action No. 00–1597 shall be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana, the state court from which Civil Action No. 00–1597 originated.

IT IS FURTHER ORDERED that Plaintiff's Request for Attorney's Fees is **DENIED.**