**ST. LUKE'S EPISCOPAL HOSPITAL CORPORATION, Plaintiff,**

v.

**STEVENS TRANSPORT, INC., et al., Defendants.**

No. H–01–2635.

United States District Court, S.D. Texas, Houston Division.

Oct. 5, 2001.

Michael H. Johnston, Sullins Johnston et al., Houston, TX, for St. Luke's Episcopal Hospital Corporation, plaintiffs.

Michael F. Linz, Attorney at Law, Dallas, TX, for Stevens Transport Inc., Lifere Insurance Company, defendants.

### MEMORANDUM AND ORDER

ATLAS, District Judge.

Pending before the Court are Plaintiff's Motion for Remand [Doc. # 9] ("Plaintiff's Motion") and Defendants' 12(b) Motion and Brief to Transfer [Doc. # 3] ("Defendants' Motion"). Defendants have opposed Plaintiff's Motion for Remand. *See* Defendants' Response to Plaintiff's Motion to Remand [Doc. # 10] ("Response"). Plaintiff has not submitted any opposition to Defendants' Motion. Having considered the parties' submissions and the applicable authorities, the Court denies Plaintiffs' Motion for Remand without prejudice. The Court does not reach Defendants' 12(b) Motion and Brief to Transfer.

### I. FACTS

On June 28, 2001, Plaintiff St. Luke's Episcopal Hospital Corporation ("St. Luke's" or "Plaintiff") commenced this action against Defendants Stevens Transport, Inc. ("Stevens") and LifeRe Insurance Company ("LifeRe") in the 189th Judicial District Court of Harris County, Texas. St. Luke's alleged that Defendants made misrepresentations regarding the health insurance coverage of Thomas Wager ("Wager"), a patient at St. Luke's.

Defendant Stevens was the patient's employer and provided health insurance for the patient. Defendant LifeRe was the third-party administrator of Steven's employee health insurance plan.

Wager ceased to be an employee of Stevens, but the exact time his employment ended is not clear from the record. Wager became eligible for health insurance benefits under the Consolidated Omnibus Reconciliation Act of 1985, 29 U.S.C. § 1161 *et seq.* ("COBRA").

St. Luke's alleges the following in its Original Petition, which is attached as "Exhibit A" to Defendants' Notice of Removal [Doc. # 1] ("Petition"). Beginning on or about October 1999 and ending December 12, 2000, Wager was admitted to, and hospitalized in, St. Luke's for medical treatment on four separate occasions. Petition, at 3. On each hospitalization, St. Luke's contacted Defendants to verify Wager's health insurance coverage. *Id.* St. Luke's alleges that Defendants misrepresented the nature, scope, and existence of Wager's health coverage, and the amount of premiums due for Wager's COBRA coverage. *Id.* St. Luke's tendered payment for the premiums Defendants stated were due in order to maintain Wager's insurance coverage. Defendants later claimed the payments were insufficient and returned them to St. Luke's. *Id.* When St. Luke's submitted claims for the cost of Wager's treatment, Defendants refused to pay the charges.[1] *Id.* St. Luke's declares that it is *not* seeking payment of policy benefits either as beneficiary of the policy or as Wager's assignee. *Id.* at 2.

St. Luke's alleges the following causes of action: (i) Count One ("statutory claims"):

violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code, and other statutes, (Tex. Ins. Code, art. 21.21; Tex. Bus. & Com. Code, art. 17.41 *et seq.;* 28 Tex. Admin. Code, § 21.1 *et seq.*) and (ii) Count Two ("common law"): negligence and negligent misrepresentation. Petition, at 5, 10.

Defendants removed the action to this Court on August 6, 2001. *See* Notice of Removal [Doc. # 1]. Defendants assert the existence of a federal question founded on the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as the basis for removal. Plaintiff seeks remand arguing that there is no federal question jurisdiction since Plaintiff asserts only state law causes of action that are not preempted by ERISA. In response, Defendants focus on certain allegations in Count One of Plaintiff's Petition that involve rights of the ERISA beneficiary, Wager, and thus are preempted by ERISA.

## II. *PLAINTIFF'S MOTION TO REMAND*

### A. *Removal and ERISA Preemption*

The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir.1997). The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Id.* at 922 (citation omitted). In evaluating the propriety of removal, this Court must evaluate all fac-

---

1. St. Luke's also alleges that it relied on Defendants' misrepresentations as to the availability of Wager's health insurance when it decided to provide treatment to Wager. Petition, at 3. In particular, St. Luke's maintains that it was deceived by Defendants as to the availability of COBRA coverage for Wager and the amount of premiums due to maintain the coverage. *Id.* Accordingly, St. Luke's seeks to recover from Defendants the unpaid costs of Wager's medical treatment. *Id.* at 4.

tual allegations in the light most favorable to the plaintiff, must resolve all contested issues of fact in plaintiff's favor, and must resolve all ambiguities of controlling state law in plaintiff's favor. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir.1995) (citations omitted).

In order to determine whether a case was properly removed to federal court on the basis of federal question jurisdiction, a court normally must examine the plaintiff's claims under the well-pleaded complaint rule. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998); *Louisville & Nashville Ry. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet*, 522 U.S. at 475, 118 S.Ct. 921; *see also Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 525 (5th Cir.1994)). Even if the factual predicate underlying a plaintiff's complaint could have served as the basis for a federal claim, the plaintiff has the prerogative to forgo the federal claim and assert only state law claims in order to prevent removal. "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425.

In certain areas, however, a federal statute may completely preempt a plaintiff's state law claim and thus render an action removable despite the plaintiff's efforts to keep the action in state court. Under the "complete preemption doctrine," Congress may so completely preempt a particular field that any complaint raising claims in that field is necessarily federal in nature. *See Rivet*, 522 U.S. at 475, 118 S.Ct. 921 ("[o]nce an area of state law has been completely pre-empt-

ed, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law"); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

State law claims relating to employee benefit plans that are governed by ERISA may be preempted by federal law. The Fifth Circuit has found preemption when (1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and (2) the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir.1990); *accord Cypress Fairbanks Med. Ctr., Inc. v. Pan–American Life Ins. Co.*, 110 F.3d 280, 283 (5th Cir.1997). Applying these principles, the Fifth Circuit has held that ERISA preempts state law claims brought by plan participants or beneficiaries that allege improper processing of a claim for plan benefits or would have the effect of modifying the express terms of an ERISA plan. *Memorial*, 904 F.2d at 245. Included within the scope of preemption are non-traditional ERISA entities, such as third party health care providers, who bring derivative actions based on state law as assignees of plan beneficiaries. *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1290–91 (5th Cir.1988). Nevertheless, the non-derivative state law claims of third party health care providers are not preempted under ERISA. *Transitional Hosp. Corp. v. Blue Cross and Blue Shield of Texas, Inc.*, 164 F.3d 952, 955 (5th Cir.1999); *Cypress*, 110 F.3d at 284; *Memorial*, 904 F.2d at 250.

### B. *Discussion*

The analysis of complete preemption developed in *Memorial* and its progeny governs the present case. In *Memorial,* the plaintiff ("Memorial") sued for breach of contract, negligent misrepresentation, and for violations of Article 21.21 of the Texas Insurance Code.[2] *Id.* The district court found that Memorial's breach of contract and Insurance Code claim were preempted by ERISA. *Id.* at 239. The court then dismissed these claims because it determined that Memorial was not entitled to any benefits under the terms of the ERISA plan in question. *Id.* Nevertheless, the district court found that Memorial's negligent misrepresentation claim was not preempted and remanded that claim to state court. *Id.* The Court of Appeals upheld the district court's decisions as to the breach of contract claim and the negligent misrepresentation claim. *Id.* However, the Fifth Circuit held that the Insurance Code claim was not preempted because Memorial (i) did not seek benefits under the plan, (ii) did not claim that the defendants acted improper-

ly in processing and denying the hospital's claim, (iii) did not base its claim on plan obligations or try to modify the plan's obligations, and (iv) brought the suit in its independent status as a hospital.[3] *Id.* Instead, the Court of Appeals held that Memorial sought damages from the defendants on the theory that Memorial would not have "accepted the financial risk of providing treatment" to the patient had it not been for the negligent misrepresentations of coverage. *Id.*

Subsequent decisions by the Fifth Circuit have reiterated and clarified the holding in *Memorial.* The Court of Appeals in 1999 in *Transitional Hospitals Corp. v. Blue Cross and Blue Shield of Texas,*[4] articulated a two-step analysis to determine ERISA preemption in the context of suits by third party health care providers for coverage misrepresentations by insurance companies. First, the court must determine whether the patient had any insurance coverage at all. *Transitional,* 164 F.3d at 955. If the patient does not have coverage, the suit is not preempted

---

2. The Court of Appeals in *Memorial* was presented with facts similar to those presented by the parties now before the Court. The plaintiff was a hospital that had provided health care to a patient who was not covered by health insurance. *Memorial,* 904 F.2d at 238. The defendant Noff's, Inc. ("Noff's") provided health insurance to its employees and its employee's dependants. *Id.* The health insurance was administered by Northbrook Life Insurance Company ("Northbrook"), which was also a defendant. *Id.* The patient in *Memorial* was the wife of a Noff's employee. *Id.* Before treating the patient, Memorial contacted Noff's to determine whether the patient was covered by health insurance. *Id.* Noff's verified that the patient was covered and eligible to receive benefits. The information was incorrect. *Id.* The patient was not covered because (i) she was not eligible for benefits during the first thirty days of her husband's employment, and (ii) after the thirty day period, her condition was subject to a "pre-existing condition" exclusion in the poli-

cy. *Id.* The patient assigned her rights to the plan benefits to Memorial. *Id.* When defendants refused to pay the plan benefits, Memorial filed suit in state court. *Memorial,* 904 F.2d at 238. Northbrook removed to federal court. *Id.* filed a motion to remand, and Northbrook filed a motion to dismiss any ERISA claims asserted by Memorial because Memorial was not entitled to payment under the terms of the insurance policy. *Id.*

3. Furthermore, the Court of Appeals found that the commercial realities of the health care industry are such that health care providers must rely on the representations made by insurance companies when making decisions to treat patients. *Id.* at 246. Thus, the Court of Appeals reasoned that the states have an interest—insurance companies must assume the risk of their misrepresentations—that goes beyond the legislative justifications of ERISA. *Id.* at 246–47.

4. 164 F.3d 952 (5th Cir.1999).

because "the provider of health services acts as an independent, third party subject to [the] holding in *Memorial*." *Id.* If, however, the insured is covered in part by an ERISA plan, then a court must take "the next analytical step and determine whether the claim in question is dependent on, and derived from the rights of the plan beneficiaries to recover benefits under the terms of the plan."[5] *Id.*

St. Luke's argues that none of its claims is preempted by ERISA under the principles of *Memorial* and that it is bringing its action in its individual capacity as a health care provider. Accordingly, St. Luke's contends that the case should be remanded to state court because no other basis of federal jurisdiction exists. Defendants correctly concede that St. Luke's common law negligence and negligent misrepresentation claims (Count Two of the Petition)

are not preempted. Defendants argue, however, that St. Luke's allegations in Count One, their statutory claims, give rise to ERISA preemption and justify removal.[6] The Court agrees with Defendants. The Count One claims are preempted as pleaded.

In Count One, St. Luke's alleges violations of article 21.21 of the Texas Insurance Code (Tex.Ins.Code, art. 21.21), the Texas Deceptive Trade Practices Act ("DTPA") (Tex. Bus. & Com. Code § 17.41 *et seq.),* and the Texas Administrative Code (28 Tex. Admin. Code § 21.1 *et seq.*). St. Luke's makes allegations seeking benefits under the terms of the policy and asserting that Defendants have improperly and unfairly processed St. Luke's claim— exactly what the Fifth Circuit described as invoking preemption. For some unknown reason, St. Luke's has incorporated sec-

5. Applying this test to the facts of *Transitional*, the Court of Appeals held that the plaintiff's state law claims for common law negligent misrepresentation and Texas Insurance Code violations were not preempted. *Transitional,* 164 F.3d at 955. In that case, a retiree of one of the defendants and participant in an ERISA plan was hospitalized in a facility of the plaintiff, the Transitional Hospital Corporation ("Transitional"). *Id.* at 953. Transitional alleged that it relied on defendants' misrepresentations regarding the scope and nature of the patient's coverage when it admitted the patient for treatment. *Id.* When Transitional requested payment, the defendants informed Transitional that it was a nonparticipating hospital under the patient's ERISA plan. *Id.* As a result, Transitional was only able to collect a fraction of its expenses from the defendants. *Id.* Transitional filed suit in state court under the theories of breach of contract, common law misrepresentation, and statutory misrepresentation under article 21.21 of the Texas Insurance Code. *Id.* at 954. Defendants removed, and plaintiffs added new defendants and a claim under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B). *Id.* The district court granted summary judgment in favor of the defendants. *Id.* In its decision, the district court treated all of Transitional's state law

claims as being preempted by ERISA. *Id.* On appeal to the Fifth Circuit, Transitional argued that its state law claims were not preempted by ERISA. The Court of Appeals agreed only as to Transitional's negligent misrepresentation and Insurance Code claims, finding that these claims are "not dependant on or derived from" the patient's right to recover benefits under the defendant's plan. *Id.* at 955. On the other hand, however, the Fifth Circuit held that Transitional's breach of contract claim was preempted because it was "based on defendants' alleged failure to pay the full amount of benefits due under the terms of the policy ." *Id.*

6. Defendants state:

Plaintiff's state law claims for alleged misrepresentation with respect to the existence of coverage, if that were all it plead[ed], would not be removable under the holding in *Memorial* ...[. H]aving combined those claims with claims alleging, *inter alia,* bad faith processing of its claims, which are completely preempted by ERISA Section 502a, [Plaintiff] may not now complain about removal or dispute the existence of this Court's federal question jurisdiction. Response, at 3–4.

tions of Texas State Board of Insurance Opinions and Administrative Regulations into its Petition. These matters involve theories and claims that are available only to the beneficiary or insured under an insurance policy. Thus, St. Luke's appears to be asserting here derivative claims arising from Wager's rights under the policy. For example, St. Luke's alleges in the Petition:

(1) misrepresenting to claimants[7] pertinent facts or policy provisions relating to coverage at issue;

(2) not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

(3) except as may be specifically provided in the policy, to refuse, fail or unreasonable delay offer of settlement under applicable first-party coverage on the basis that other coverage may be available;

(4) refusing to pay claims without conducting a reasonable investigation based upon all available information.

Petition, at 5–6 (Tex. Dept. of Ins., *Record of Official Action of the State Board of Insurance*, Docket No. 41454, Rule No. 059.21 .26.003 (Aug. 19, 1982) (commonly referred to a "Unfair Claim Settlement Practice Rules")). St. Luke's further alleges in Count One of the Petition:

(2) Failing to acknowledge with reasonable promptness pertinent communi-

cations with respect to claims arising under its policies . . . ;

(3) Failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policies;

\* \* \* \* \* \*

(5) Failing to affirm or deny coverage of a claim to a policyholder within a reasonable time. . . .

Petition, at 7–8 (citing 28 Tex. Admin. Code § 21:203). These contentions of misrepresentation are "dependent on or derived from [the patient's] right to recover benefits under the [ERISA plan]." *See Transitional*, 164 F.3d at 955. St. Luke's in Count One "seeks benefits from the plan" and claims that the "plan acted improperly in processing and denying [the plaintiff's] claim." *See Memorial*, 904 F.2d at 250. St. Luke's thus attempts (i) to assert rights under Wager's policy and (ii) to hold Defendants liable for failing to effectuate those rights. Thus, the Court concludes that St. Luke's statutory claims, as pleaded, are preempted by ERISA,[8] and at this juncture declines to remand this case.

For these reasons, St. Luke's has failed to state legally viable causes of action in Count One of the Petition and the state law statutory claims in that Count must be dismissed.[9] St. Luke's must decide whether to plead a claim under ERISA. If St. Luke's declines to assert an ERISA claim, then the Court will remand the case to state court, since the Court declines to

---

**7.** In its Opinion, the State Board of Insurance defines "Claimant" as "[a] person making or having made a claim," and "Claim" as "[a] request or demand . . . for payment of funds . . . under the terms of a policy." Tex. Dept. of Ins., *Record of Official Action of the State Board of Insurance*, Docket No. 41454, Rule No. 059.21.26.002 (Aug. 19, 1982).

**8.** Had St. Luke's not asserted its statutory claims as derivative of the beneficiary's rights

under the policy, the statutory claims would not be preempted under *Memorial*.

**9.** The Court recognizes that technically Defendants have not sought this relief; it is inevitable, however. Therefore, in the interest of judicial economy, the Court is setting forth the necessary procedures that apply in this case.

exercise supplemental jurisdiction over the common law claims. *See* 28 U.S.C. § 1367(c); *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 455 (5th Cir.2001) (district court may decline to exercise supplemental jurisdiction when all claims giving rise to federal jurisdiction have been dismissed); *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 997 (5th Cir.2000) ("[A] district court may decline in its discretion to exercise supplemental jurisdiction over ... state law claims when the court has dismissed all claims giving rise to original jurisdiction."). St. Luke's shall notify the Court of its election in writing prior to or at the initial pretrial conference set in the case for October 12, 2001.

## IV. DEFENDANTS' MOTION TO TRANSFER

Defendants have moved for transfer of this case to the Northern District of Texas, Dallas Division. St. Luke's has not responded to this motion. However, for the reasons explained below, the Court concludes that it is not ripe for adjudication at this time.

### A. Standard for Transfer Under 28 U.S.C. § 1404(a)

Title 28, United States Code, § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir.1999), *reh'g denied*, 201 F.3d 383 (5th Cir.2000); *Harris County v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 319 (5th Cir.1999). The party

moving to transfer venue under § 1404(a) has the burden of proving that venue should be transferred. *See Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir.); *Clark v. Kick*, 79 F.Supp.2d 747, 755 (S.D.Tex.2000).

The threshold question in a motion to transfer venue is whether the case could properly have been filed in Defendants' suggested district. 28 U.S.C. § 1404(a); *Mortensen v. Maxwell House Coffee Co.*, 879 F.Supp. 54, 56 (E.D.Tex. 1995); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1394 (S.D.Tex.1992).[10] The Court must evaluate the following factors to decide whether the Northern District of Texas would be more convenient for the parties and witnesses and whether the interests of justice would best be served by transfer:

- plaintiff's choice of forum,
- the availability and convenience of witnesses and parties,
- the location of counsel,
- the location of books and records,
- the cost of obtaining attendance of witnesses and other trial expenses,
- the place of the alleged wrong, and
- the possibility of delay and prejudice if transfer is granted.

*Carlile v. Continental Airlines, Inc.*, 953 F.Supp. 169, 170 (S.D.Tex.1997); *Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1065 (S.D.Tex.1996).

### B. Discussion

Defendants assert that this case should be transferred to Dallas because (i) venue is improper here and (ii) all other considerations except for St. Luke's choice of forum favor transfer. Defendants assume

---

10. A court may not grant a transfer unless, "at the time suit was filed, venue could have been properly laid in the proposed transferee court and that court could have exercised subject matter jurisdiction over the action and personal jurisdiction over all the defendants." *Continental Airlines*, 805 F.Supp. at 1394.

that St. Luke's will assert an ERISA cause of action, and argue that venue is improper in the Southern District of Texas for ERISA cases because Defendant Stevens's health insurance plan is not administered here and because the Defendants do not reside here.[11]

The Court need not determine this issue until and unless St. Luke's elects to pursue an ERISA claim in this case.[12]

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the case was properly removed from state court based on ERISA preemption of St. Luke's statutory claims in Count One. The Court does not reach Defendants' 12(b) Motion to Transfer at this time. Therefore it is

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 9] is **denied**. It is further

**ORDERED** that if Defendants intend to pursue their 12(b) Motion to Transfer [Doc. # 3] they must supplement the record and address all factual issues and issues under 28 U.S.C. § 1406(a). It is further

**ORDERED** that Plaintiff St. Luke's shall inform the Court in writing on or before the initial pretrial conference set for October 12, 2001, whether St. Luke's intend to pursue an ERISA claim or not.

11. Venue in ERISA cases is governed by 29 U.S.C. § 1132(e)(2), which provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

Based on the affidavits submitted with Defendants' Motion, it appears that neither Stevens nor LifeRe has its principal place of business in Houston. Each Defendant is incorporated in Texas. It is unclear whether this fact means that each Defendant can be "found" in the Southern District of Texas, as a matter of law. Defendants also allege that any breach of the ERISA plan that may have occurred did not happen here since Defendants each operate in federal judicial districts other than Houston.

12. It is noted that Defendants' evidence submitted to show that transfer would be in the interest of justice is incomplete. Conclusory allegations that "all measures weigh heavily in favor of transfer to Dallas" are insufficient. If Defendants intend to pursue the request for transfer, they must supplement the record and address the pertinent issues. In addition to the foregoing factual matters that the Court has indicated are relevant, Defendants must assess any issues that may exist under 28 U.S.C. § 1406(a).