David **ROGERS**, M.D.; Margaret R. Draeger, M.D.; Bohn D. Allen, M.D.; Austin Area Obstetrics, Gynecology and Fertility, P.A.; Texas Ear, Nose & Throat Specialists, P.A.; and Pediatric Pulmonary Associates of North Texas, P.A.; Individually and as Representatives of All Others Similarly Situated

v.

**CIGNA HEALTHCARE OF TEXAS, INC.**

No. A–01–CA–699–55.

United States District Court, W.D. Texas, Austin Division.

Nov. 20, 2001.

Lewis T. LeClair, McKool Smith, Dallas, TX, Patrick L. Reznik, George & Donaldson, L.L.P., R. James George, Jr., Gary L. Lewis, Robert J. Provan, Provan & Associates, P.C., George Donaldson & Ford, Donald P. Wilcox, Austin, TX, Sam Baxter, McKool Smith, Dallas, TX, for Plaintiffs.

Larry F. York, Mary F. Keller, York, Keller and Field, L.L.P., Austin, TX, for Defendant.

## ORDER

SPARKS, District Judge.

BE IT REMEMBERED that on the 7th day of November 2001, the Court called the above-styled cause for a hearing and the parties appeared by counsel of record to present arguments on Plaintiffs' Motion to Remand [# 4] and Defendant's Motion to Stay [# 2]. After considering the motions and responses, numerous letter briefs filed by counsel, arguments of counsel at the hearing, the case file as a whole and the applicable law, the Court enters the following opinion and orders.

### Factual and Procedural Background

On September 28, 2001, Plaintiffs sued CIGNA Healthcare of Texas, Inc. ("CIGNA") in the 345th State District Court of Travis County on behalf of a class of similarly situated doctors and health care providers in Texas who entered into agreements with CIGNA called fee-for-service arrangements. Under these arrangements, Plaintiffs agree to provide medical services to patients insured by CIGNA and CIGNA agrees to pay Plaintiffs a fee for each covered medical expense.

Plaintiffs allege CIGNA has not adequately reimbursed them for medical services provided to CIGNA-insured patients. Specifically, CIGNA does not provide notice to Plaintiffs of how much it will pay, and "has undertaken a pattern and practice of changing and increasing the procedural steps" toward receiving reimbursement. Notice of Removal [# 1], Ex. A ("Petition"), at 6. When CIGNA does pay them, Plaintiffs allege, it underpays them as a result of procedures known as "downcoding" and "bundling." *See· Petition*, at 8–9. Plaintiffs' original petition in Travis County District Court pleads four causes of action: 1) *quantum meruit;* 2) Texas Theft Liability Act violation; 3) breach of duty of good faith and fair dealing; and 4) in the alternative, breach of contract. *See Petition.* Plaintiffs contend their agreements with CIGNA should be declared invalid because they do not contain a price term, and Plaintiffs should be paid in *quantum meruit* for the value of the services they have provided to patients. *See Petition*, at 7. In the alternative, Plaintiffs allege CIGNA's "downcoding" and "bundling" practices constitute breaches of the contracts between Plaintiffs and CIGNA.

CIGNA timely removed the case to this Court on October 17, 2001. CIGNA claims this Court has federal question jurisdiction over the case under 28 U.S.C. § 1331 because the Employment Retirement Income Security Act of 1974 ("ERISA") completely preempts Plaintiffs' state law claims. Plaintiffs filed a Motion to Remand this action to state court on October 18, 2001. On that same day, CIGNA filed a Motion to Stay the case pending determination by the Judicial Panel on Multidistrict Litigation of CIGNA's motion to transfer the case to the United States District Court for the Southern District of Florida.

## Analysis

Plaintiffs contend this Court has no jurisdiction over this case because Plaintiffs' well-pleaded complaint contains only state law claims, and ERISA comes in only as CIGNA's defense. *See Franchise Tax Bd. v. Construction Laborers Vac. Trust,* 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)("since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."). CIGNA claims Plaintiffs' state law claims are completely preempted by ERISA, and the fact that Plaintiffs' well-pleaded complaint does not raise an ERISA claim does not prevent the case from arising under ERISA. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Copling v. Container Store, Inc.,* 174 F.3d 590, 594 (5th Cir. 1999). Whether this Court has jurisdiction over this cause and, thus, whether removal was proper depends on whether Plaintiffs' state law claims are completely preempted by ERISA. Unless ERISA completely preempts the state law claims, this Court does not have subject matter jurisdiction over the case under the well-pleaded complaint rule. In making this determination, the Court keeps in mind that removal statutes are to be strictly construed, with any doubts resolved against removal and in favor of remanding the case to the state court. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934).

Section 514(a) of ERISA preempts all state law claims that "relate to any" ERISA employee benefit plan. 29 U.S.C. § 1144(a); *see also Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549,

95 L.Ed.2d 39 (1987). Plaintiffs do not seem to deny their lawsuit "relates to" an ERISA plan, and the Supreme Court recently reiterated that the "relates to" provision is "broadly worded" and "clearly expansive." *Egelhoff v. Egelhoff*, 532 U.S. 141, 121 S.Ct. 1322, 1327, 149 L.Ed.2d 264 (2001) (citations omitted). State law claims for benefits relate to an ERISA plan "even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

■ However, ERISA "completely" preempts state law claims only if a plaintiff could have sued the defendant under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). *See McClellan v. Gronwaldt*, 155 F.3d 507, 517 (5th Cir.1998). That provision allows civil actions "by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Fifth Circuit has held "beneficiary" includes health care providers to whom ERISA plan participants assign their benefits under ERISA. *See Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1289 (5th Cir.1988). Thus, the question in this case is whether Plaintiffs are suing based on their independent relationship with CIGNA or as assignees of their patients' ERISA benefits. *See also Orthopaedic Surgery Associates of San Antonio, P.A., et al. v. Prudential Health Care Plan, Inc.*, 147 F.Supp.2d 595, 603 (W.D.Tex. 2001) ("The critical question for the courts is whether the provider's claim is based on a direct cause of action against the managed care company, in which situation it is not preempted, or whether it is derivative to the patient's cause of action, where ERISA applies."). Plaintiffs' state law petition is based on *quantum meruit* or, in the alternative, breach of contract. Both are contract theories, whether based on an implied or express contract, and the contracts at issue are the fee-for-service arrangements between the Plaintiffs and CIGNA.

■ The parties' arguments at the November 7th hearing and in the letter briefs subsequently submitted [# 13, 14, 15, 16] focus on whether Plaintiffs' *quantum meruit* claim depends on some kind of assignment of benefits from patients. Specifically, CIGNA argues because Plaintiffs claim their contracts with CIGNA are invalid, they have no independent relationship with CIGNA and could only seek relief under *quantum meruit* if their patients assigned them their own plan benefits. However, *quantum meruit* is a theory of implied contract between the parties, not a contention that the parties have no independent relationship. *See Black Lake Pipe Line Co. v. Union Construction Co., Inc.*, 538 S.W.2d 80, 86 (Tex.1976) ("the right to recover in quantum meruit is based upon a promise implied by law to pay for beneficial services rendered and knowingly accepted."). Plaintiffs sue CIGNA to recover for a benefit they have bestowed upon CIGNA—namely, providing the medical services necessary to extinguish CIGNA's contractual obligations to its insured beneficiaries. Plaintiffs' *quantum meruit* claim is not based on CIGNA's promise to provide health care to its insureds, but on CIGNA's promise (express or implied) to pay *Plaintiffs* for providing the services. Plaintiffs claim CIGNA has wrongly received benefits without paying or fully paying for them. CIGNA is not paying the Plaintiffs (or failing to pay Plaintiffs, as the case may be) because of its contractual obligations to its insured beneficiaries. Instead, CIGNA's obligation is to pay the

Plaintiffs for the medical services CIGNA has induced the Plaintiffs to perform. Because Plaintiffs have an independent claim against CIGNA, the Court finds this case is distinguishable from derivative claims based on assignments from patients. *Compare Blue Cross v. Anesthesia Care Assocs. Med. Group, Inc.*, 187 F.3d 1045, 1047 (9th Cir.1999) ("the provider's claims, which arise from the terms of their provider agreements and could not be asserted by their patient assignors, are not claims for benefits under the terms of ERISA plans, and hence do not fall within 502(a)(1)(B).") *with Foley, et al v. Southwest Texas HMO Inc., et al*, No. 1:01–CV–56 (E.D.Tex. Sept. 5, 2001) ("The plaintiffs have failed to establish the existence of any independent contractual relationship between themselves and the defendants. As such, the plaintiffs can only recover from the defendants based on the plaintiffs' positions as assignees of the enrollees' benefits.").

Additionally, for Plaintiffs to have standing to file a derivative action under the civil enforcement provision of ERISA, they would have to provide proof of a valid assignment from their patients. *See, e.g., Hobbs v. Blue Cross Blue Shield of Ala.*, 270 F.3d 1324, 2001 WL 1283650, *3 (11th Cir. Oct. 24, 2001) ("[W]hile this court has allowed healthcare providers to use derivative standing to sue under ERISA, it has only done so when the healthcare provider had obtained a written assignment of claims from a patient who had standing to sue under ERISA as a 'beneficiary' or 'participant.'"). CIGNA argues the patients did assign their ERISA benefits to Plaintiffs by signing standard HCFA claim forms authorizing "payment of medical benefits to the undersigned physician or supplier for services described below." *See CIGNA Letter of Nov. 20, 2001* [# 16], at 1–2. Even if this form qualifies as a valid assignment, about which the Court is not confident, Plaintiffs are not suing to enforce their rights under these "assignments," but to enforce their rights under their express or implied contracts with CIGNA.

■ Because Plaintiffs' state law claims against CIGNA are based on their express or implied fee-for-service arrangements with CIGNA, and not on assignments of benefits from their patients, the Court finds the claims are not derivative claims that could be brought under the civil enforcement provision of ERISA. Thus, Plaintiffs' state law claims are not completely preempted by ERISA, and this Court has no subject matter jurisdiction over the case under the well-pleaded complaint rule.

In accordance with the foregoing:

IT IS ORDERED that Defendant's Motion to Stay [# 2] is DENIED;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand [# 4] is GRANTED for failure of subject matter jurisdiction;

IT IS FINALLY ORDERED that the Clerk remand this case to the 345th State District Court of Travis County for further proceedings. All court costs accrued are assessed against the removing defendant, pursuant to 28 U.S.C. 1447(c), for which let execution issue. The Court declines to award attorneys' fees, as the legal issues involved were bona fide and difficult to determine.