BAPTIST HOSPITAL OF SOUTHEAST TEXAS d/b/a Memorial Hermann Baptist Beaumont Hospital, Plaintiff

v.

UNITED HEALTHCARE OF TEXAS, INC., Defendants.

No. 1:02–CV–055.

United States District Court,
E.D. Texas,
Beaumont Division.

May 6, 2002.

James Alan Porter, Porter & Koch, Gregory Michael Koch, Gregory M Koch & Associates, Houston, TX, for Baptist Hospital of Southeast Texas dba Memorial Hermann Baptist Beaumont Hospital, plaintiffs.

Paula Denney, Strasburger & Price, Houston, TX, for United Healthcare of Texas, Inc, defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

In the plaintiff's Motion to Remand (doc. # 3), the issue before the court is the extent of ERISA preemption when there are claims under both the Texas Insurance Code and for breach of contract. Upon review of the motions and response on file, the court is of the opinion that the motion should be DENIED for the reasons set forth below.

### I. Factual and Procedural Synopsis

Baptist Hospital of Southeast Texas ("Baptist Hospital") performed medical services for approximately twenty-two patients. Each of these patients were members of employee health benefit plans sponsored by their employers. Baptist Hospital initiated this suit against United Healthcare of Texas, Inc. ("United Healthcare"), as administrator of these plans, alleging that United Healthcare failed to pay the full amount of the medical services[1] rendered in accord with a contract between the parties. Baptist Hospital alleges United Healthcare contracted with the hospital to receive a discount on the medical bills of its members in return for prompt payment. Baptist Hospital asserts that because the subject claims were not paid within a reasonable amount of time, the claims were not eligible for the discount, and the balance of the full bills is now due and owing. Additionally, there-fore, Baptist Hospital alleges United Healthcare has failed to pay these benefit claims within the forty-five days required by the Texas Insurance Code, 3.70–3C, Section 3A.

### II. Analysis

■ Plaintiff makes two separate and distinct claims. The first claim it makes is only for breach of contract. The second claim seeks to invoke the Texas Insurance Code. Not surprisingly, each of the parties focus on the claim most beneficial to its position regarding preemption, which con-trols the motion to remand. Although Baptist Hospital's argument for remand regarding the breach of contract claim is probably correct, the fact that it also as-serts a claim under the Texas Insurance Code creates ERISA preemption. As long as both claims are asserted by the plaintiff, remand is improper.

■ ERISA's preemption clause specifies that the provisions of ERISA "su-percede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a); *Christopher v. Mobil Oil Corp.,* 950 F.2d 1209, 1217 (5th Cir. 1992), cert. denied, 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992). The Supreme Court has stressed that the "relate to" standard must be interpreted expansively, and that the words are to be given their "broad common-sense meaning." *Inger-soll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Metropolitan Life Ins. Co. v. Massachu-setts,* 471 U.S. 724 739, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). Any state law which has a connection with or reference to an employee benefit plan is generally preempted. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). In this case, because

---

1. There are twenty-three claims for service because one individual was twice treated.

Baptist Hospital is using the Texas Insurance Code to sue for benefits, the claim relates to the plans for the purpose of federal preemption.

 ERISA preempts state law claims seeking "to recover benefits owed under [a] plan to a plan participant who has assigned her right to benefits to [her health care provider]." *Transitional Hospitals Corp. v. Blue Cross and Blue Shield of Texas, Inc.*, 164 F.3d 952, 954 (5th Cir. 1999). However, the savings clause of ERISA preserves the states right to regulate insurance. *Corporate Health Ins. v. Texas Dep't of Ins.*, 215 F.3d 526, 537 (5th Cir.2000). A provision regulating insurance is still preempted if it "conflict[s] with a substantive provision of ERISA." *Id.* at 538. "Thus, the savings clause does not operate if the state law at issue creates an alternative remedy for obtaining benefits under an ERISA plan." *Id.* at 539. Baptist Hospital seeks to use the Texas Insurance Code as an alternative method of recovering benefits. If the plaintiff is entitled to payment under this claim, it will be because of their position as assignees of benefits owed under employer-sponsored benefit plans that are governed by ERISA. Baptist Hospital is thereby trying to use the Texas Insurance Code as an alternative method to ERISA's civil enforcement provisions. The savings clause may not be allowed to circumvent the remedy framework established by Congress under ERISA, thus, the savings clause does not rescue the Texas Insurance Code claim from ERISA preemption.

### III. Conclusion

It is therefore the opinion of this court that ERISA preempts the Texas Insurance Code claim necessitating the DENIAL of plaintiff's Motion to Remand. Accordingly, it is

ORDERED, that plaintiff Baptist Hospital's Motion to Remand is DENIED.