**BAYLOR UNIVERSITY MEDICAL CENTER, Plaintiff,**

**v.**

**ARKANSAS BLUE CROSS BLUE SHIELD, Defendant.**

**No. Civ.A. 3:03–CV–2084–G.**

United States District Court, N.D. Texas, Dallas Division.

Jan. 9, 2004.

Larry Hallman, Burford & Ryburn, Emanuela Prister, Burford & Ryburn, Dallas, TX, for Plaintiff.

Barton L. Ridley, Touchstone, Bernays, Johnston, Beall & Smith, Dallas, TX, for Defendant.

### MEMORANDUM ORDER

FISH, Chief Judge.

Before the court are the motions of the plaintiff Baylor University Medical Center ("Baylor") (1) to remand this case to the state court from which it was previously removed and (2) for attorney's fees. For the reasons set forth below, Baylor's motion to remand is granted, but its motion for attorney's fees is denied.

### I. BACKGROUND

On July 23, 2003, Baylor filed suit against the defendant Arkansas Blue Cross Blue Shield ("ABCBS") in the County Court at Law No. 1 of Dallas County, Texas, asserting claims for breach of contract and late payment of claims under the Texas Insurance Code. *See* Plaintiff's Original Petition ("Petition") ¶¶ 10–11, *attached to* Notice of Removal as Exhibit 1; Baylor University Medical Center's Motion to Remand and Brief in Support Thereof, and Motion for Attorney's Fees Under 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 54 ("Motion") at 1–2; Defendant Arkansas Blue Cross and Blue Shield, a Mutual Insurance Company's Response to Plaintiff's Motion to Remand, and Motion for Attorney's Fees and Brief in Support ("Response") ¶ 1.

Baylor entered into a contract with Blue Cross Blue Shield of Texas ("BCBSTX"), effective January 1, 1998, wherein Baylor agreed to provide medical services at a discount to persons insured under a BCBSTX plan, or any out-of-state Blue

Cross Blue Shield plan, including ABCBS.[1] Petition ¶ 9; Motion at 2; Response ¶ 2. Baylor brought this suit in a state court to recover for medical services it provided to Bobby Wall ("Wall"), an ABCBS insured.[2] Petition ¶ 9; *see also* Motion at 2; Response ¶¶ 1–3; Baylor University Medical Center's Reply to Arkansas Blue Cross Blue Shield's Response to Plaintiff's Motion to Remand and Brief in Support Thereof ("Reply") at 1. Wall was admitted to Baylor's facility on April 6, 2000 and was discharged April 14, 2000. Petition ¶ 9; Response ¶ 4. On April 17, 2000, Baylor submitted a "clean claim"[3] to ABCBS for the medical services provided to Wall. Petition ¶ 9. Since submitting this claim, Baylor alleges, it has been paid only a portion of the charges contractually due.[4] *Id.;* Motion at 2. Baylor also alleges that because ABCBS' part payments for Wall's account were more than 45 days late, ABCBS is liable for full-billed charges under the Texas Insurance Code. Petition ¶ 11; Motion at 1–2; Response ¶ 4. Consequently, Baylor seeks recovery of over $30,097.65 in damages. Petition ¶ 11; Motion at 1–2; Response ¶ 4.

On September 12, 2003, ABCBS timely removed this action pursuant to 28 U.S.C. § 1441, arguing that Baylor's claims are preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Notice of Removal ¶ 6. On October 8, 2003, alleging improper removal, Baylor filed the

instant motion to remand the case back to state court and to collect attorney's fees for improper removal. *See* Docket Sheet; Motion at 1, 7. The dispositive jurisdictional issue before the court is whether Baylor's claims, both for breach of contract and under the Texas Insurance Code, are preempted by ERISA.

## II. ANALYSIS

### A. ERISA Preemption Generally

■ District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Frank v. Bear Stearns & Company,* 128 F.3d 919, 922 (5th Cir.1997). In determining whether a claim arises under federal law, the well-pleaded complaint rule allows a plaintiff to be the "master to decide what law he will rely upon" in pursuing his claims. *The Fair v. Kohler Die & Specialty Company,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913); see also *Beneficial National Bank v. Anderson,* 539 U.S. 1, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003); *Aaron v. National Union Fire Insurance Company of Pittsburg, Pa.,* 876 F.2d 1157, 1160–61 (5th Cir.1989), *cert. denied,* 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990). Where potential remedies exist under both state and federal law, a plaintiff may choose to proceed only under state law and avoid federal court jurisdiction. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d

---

1. ABCBS contends that "the terms of the contract are not determinative of the removal issues currently presented" to the court. Response ¶ 2. The court disagrees. As expounded in detail below, the contractual terms are central to the removal issues at bar.

2. ABCBS issued a group insurance plan to Southern Marketing, and Wall is a covered person under that plan. Response ¶ 3.

3. A "clean claim" is defined as "a completed claim ... submitted by a ... provider for

medical care or health care services under a health care plan" or health insurance policy. TEX. INS.CODE ANN. art. 20A.18B(a) (Vernon 2002), *repealed by* Acts 2001, 77th Leg., ch. 1419, § 31(b)(13)-(15) (effective June 1, 2003)

4. Baylor initially sought recovery of $56,448.76 for the medical services it provided to Wall. Baylor has since received payments on Wall's account of $5,050.11 and $21,300.00. Petition ¶ 9; Response ¶ 4.

318 (1987); *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 366 (5th Cir.1995). "There is an exception to the well-pleaded complaint rule, though, if Congress 'so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir.2003) (en banc) (quoting *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)), *cert. denied*, 72 USLW 3282, —— U.S. ——, 124 S.Ct. 1044, 157 L.Ed.2d 889 (2003).

The Supreme Court has held that state-law claims seeking relief within the scope of ERISA § 502(a)(1)(B) must be recharacterized as arising under federal law, and as such, are removable to federal court. *Metropolitan Life*, 481 U.S. at 60, 67, 107 S.Ct. 1542; see also *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 762 (5th Cir.1989). According to § 502(a)(1)(B), ERISA's civil enforcement provision:

### § 1132. Civil enforcement

**(a) Persons empowered to bring a civil action**

A civil action may be brought—

   **(1)** by a participant or beneficiary—

\*       \*       \*       \*       \*       \*

   ■■■ **(B)** to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan....

29 U.S.C. § 1132(a)(1)(B). When a claimant seeks relief "within the scope of [ERISA's] civil enforcement provisions,"

his or her claims are subject to *complete preemption*. *Metropolitan Life*, 481 U.S. at 66, 107 S.Ct. 1542. Complete preemption "'recharacterizes' preempted state law claims as 'arising under' federal law for the purposes of ... making removal available to the defendant." *McClelland v. Gronwaldt*, 155 F.3d 507, 516 (5th Cir. 1998); see also *Johnson v. Baylor University*, 214 F.3d 630, 632 (5th Cir.), *cert. denied*, 531 U.S. 1012, 121 S.Ct. 567, 148 L.Ed.2d 486 (2000).

   ■■■ Another type of preemption, known as "conflict" or "ordinary" preemption, "arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field of state law so as to transform a state law claim into a federal claim." *Arana*, 338 F.3d at 439. Under ERISA's conflict preemption provision, § 514(a), "any and all State laws [are displaced or superceded] insofar as they ... relate to any employee benefit plan". 29 U.S.C. § 1144(a); see also *Christopher v. Mobil Oil Corporation*, 950 F.2d 1209, 1217 (5th Cir.), *cert. denied*, 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992). Any state law "relates to" an ERISA plan "if it has a connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).[5] Significantly for this case, even if the court were to find that Baylor's state law causes of action against ABCBS relate to an ERISA plan within the meaning of § 514(a), conflict preemption is insufficient to create federal jurisdiction. See *McClelland*, 155 F.3d at 516–19 (finding that a claim that relates to an ERISA plan, but does not seek to enforce rights under § 502(a), does not cre-

---

**5.** While this "relate to" standard must be interpreted expansively to give the words their broad common-sense meaning, see *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 146, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001),

"[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100, n. 21, 103 S.Ct. 2890.

ate federal removal jurisdiction); *Copling v. Container Store, Inc.,* 174 F.3d 590, 594–95 (5th Cir.1999).[6] The court will, therefore, only examine the contours of Baylor's state law claims insofar as they relate to complete preemption.

The Fifth Circuit, in *Memorial Hospital System v. Northbrook Life Insurance Company,* 904 F.2d 236, 245 (5th Cir.1990), outlined two unifying characteristics of cases finding ERISA preemption of a plaintiff's state law causes of action. See also *Cypress Fairbanks Medical Center Inc. v. Pan-American Life Insurance Company,* 110 F.3d 280, 283 (5th Cir.), *cert. denied,* 522 U.S. 862, 118 S.Ct. 167, 139 L.Ed.2d 110 (1997); *Foley v. Southwest Texas HMO, Inc.,* 226 F.Supp.2d 886, 894 (E.D.Tex.2002). Preemption of a plaintiff's state law causes of action has been found when: (1) the state law claim addresses areas of exclusive federal concern, and (2) the claim directly affects the relationship between traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Memorial Hospital,* 904 F.2d at 245; *Foley,* 226 F.Supp.2d at 894.

■ First, preemption is appropriate, according to *Memorial Hospital,* where the state law addresses areas of exclusively federal concern, including the right to receive benefits under the terms of an ERISA plan. 904 F.2d at 245. Congress' purpose in enacting ERISA was "to pro-mote the interests of employees and their beneficiaries in employee benefit plans, ... and to protect contractually defined benefits." *Firestone Tire & Rubber Company v. Bruch,* 489 U.S. 101, 113, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (internal citations and quotations omitted). The Supreme Court has cautioned, however, that [it has] "addressed claims of [ERISA] preemption with the starting presumption that Congress [did] not intend to supplant state law." *New York State Conference of Blue Cross and Blue Shield Plans v. Travelors Insurance Company,* 514 U.S. 645, 654, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); see also *Fort Halifax Packing Company, Inc. v. Coyne,* 482 U.S. 1, 19, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987) ("ERISA preemption analysis 'must be guided by respect for the separate spheres of governmental authority preserved in our federalist system.'").

■ Lawsuits against ERISA plans for commonplace, run-of-the-mill state-law claims—although obviously affecting and involving ERISA plans—are not preempted by ERISA. *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 833, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). Accordingly, the Fifth Circuit and federal district courts within Texas have found that certain state law causes of action are not preempted by ERISA when brought by independent, third-party health care providers.[7] See, *e.g., Transitional*

---

**6.** Recently, the Fifth Circuit partially overruled *McClelland* and *Copling. Arana,* 338 F.3d at 440 n. 11. Prior to *Arana,* courts in the Fifth Circuit required both § 502 complete preemption and § 514 conflict preemption before finding federal jurisdiction. *Id.* at 439. The plaintiff in *Arana* argued that "even if his claim falls within ERISA § 502 so that it is completely preempted, there is no [federal] jurisdiction because his claim is not conflict-preempted as well." *Id.* The *Arana* Court disagreed, holding that "only complete preemption of a claim under ERISA § 502(a) is required for removal jurisdiction; conflict preemption under ERISA § 514 is not required; and we overrule the relevant portions of our precedent to the contrary." *Id.* at 440. *Arana* did not, however, overrule the portions of *McClelland,* 155 F.3d at 516–19, and *Copling,* 174 F.3d at 594–95, holding that conflict preemption is insufficient to create removal jurisdiction.

**7.** "'Health care provider' or 'provider' is a practitioner, institutional provider, or other person or organization that furnishes health care services and that is licensed or author-

*Hospitals Corporation v. Blue Cross and Blue Shield of Texas, Inc.,* 164 F.3d 952, 954 (5th Cir.1999) (claims for breach of contract, common law misrepresentation, and statutory misrepresentation under the Texas Insurance Code); *Memorial Hospital,* 904 F.2d at 238 (claims for deceptive and unfair trade practices under the Texas Insurance Code, breach of contract, and negligent misrepresentation); *Perkins v. Time Insurance Company,* 898 F.2d 470, 473 (5th Cir.1990) (claim for tortious breach of contract); *Methodist Hospitals of Dallas v. Wal–Mart Stores, Inc.,* No. 3:02–CV–0656, 2003 WL 21266775 at *1, *3 (N.D.Tex. May 30, 2003) (claims for breach of contract and negligent misrepresentation); *Foley,* 226 F.Supp.2d at 890, 895, 902 (claims for late payment of claims under the Texas Insurance Code and unjust enrichment); *Rogers v. CIGNA Healthcare of Texas,* 227 F.Supp.2d 652, 655 (W.D.Tex.2001) (claims for breach of contract and quantum meruit).

██ Second, preemption is appropriate, according to *Memorial Hospital,* where the state law directly affects the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries. 904 F.2d at 245. For instance, a hospital's state law claims for breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud are preempted by ERISA when the hospital seeks to recover benefits owed under a plan to a plan participant who has assigned her right of benefits to the hospital. See *Hermann Hospital v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1290 (5th Cir.1988). However, absent status as an assignee, health care providers are not traditional ERISA entities. See *Memorial Hospital,* 904 F.2d at 249 (stating that health care providers were not a party to the ERISA bargain struck by Congress

ized to practice in [Texas], other than a physi-

between health benefit plans and their participants).

██ ██ Before analyzing the impact of ERISA's preemption clause on Baylor's claims, the court hastens to note that "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company,* 810 F.Supp. 748, 750 (N.D.Tex. 1992); see also *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."). The burden of establishing federal jurisdiction is on the party seeking removal. *Miller v. Diamond Shamrock Company,* 275 F.3d 414, 417 (5th Cir.2001); *Frank,* 128 F.3d at 921–22.

### B. *Baylor's Claims*

██ In the case *sub judice,* ABCBS argues that Baylor's state court petition clearly alleges claims arising under federal law. *See* Notice of Removal ¶ 6; Response ¶¶ 1, 8–10. In particular, ABCBS argues that because Baylor's causes of action constitute claims for benefits under an employee welfare benefit plan that is subject to ERISA, Baylor's state law claims are preempted by ERISA and, therefore, this court has federal question jurisdiction. See *id.* ¶¶ 1, 10. The court is unpersuaded, however, that either Baylor's breach of contract claims or its statutory claims are completely preempted. As discussed in detail below, this is because neither claim is predicated on a state law which satisfies the two-pronged preemption test set forth in *Memorial Hospital.*

cian." Tex. Ins.Code Ann Art. 3.70–3C, § 1(3).

### 1. Baylor's Breach of Contract Claims

Enforcing a contract to provide medical services in exchange for payment for those services is hardly an exclusive area of federal concern. See *Memorial Hospital*, 904 F.2d at 246 ("Enforcing the allocation of risks between commercial entities that conduct business in a state is a classically important state interest."). Baylor is suing ABCBS as a party to, or third party beneficiary of, an independent contract between Baylor and BCBSTX. Because the Baylor–BCBSTX contract implicates any out-of-state Blue Cross Blue Shield plan utilizing Baylor's medical services, Baylor is asserting a right of action against ABCBS pursuant to state contract law. See, *e.g.*, *Memorial Hospital*, 904 F.2d at 250 (finding that a provider's claim is not completely preempted where it is "independent of the plan's actual obligations under the terms of the insurance policy and in no way seeks to modify those obligations"); *Rogers*, 227 F.Supp.2d at 655 (stating that a provider's claims for breach of contract and quantum meruit were not preempted by ERISA because they were "not based on CIGNA's promise to provide health care to its insureds, but on CIGNA's promise (express or implied) to pay *Plaintiffs* for providing the services") (emphasis in original). Baylor's contract claims are neither dependent upon nor derived from Wall's rights to recover benefits under an ERISA plan. See *Memorial Hospital*, 904 F.2d at 249 n. 20 (characterizing *Hermann Hospital*, 845 F.2d at 1290, as holding that a third-party provider's state-law claims were preempted by ERISA where those claims were "dependent on, and derived from, the rights of the plan beneficiaries to recover benefits under the terms of the plan"); *Transitional Hospitals*, 164 F.3d at 955. Accordingly, Baylor's right, if any, to recover payment for covered health services is governed by that contract (*i.e.*, the contract between Baylor and BCBSTX) and

does not implicate the restrictions and limitations of ERISA. See, *e.g.*, *Methodist Hospitals*, 2003 WL 21266775 at *3.

Baylor's contract claims do not directly affect or modify the relationship between ABCBS and its plan participants or beneficiaries, including Wall. See *Memorial Hospital*, 904 F.2d at 248–50; *Perkins*, 898 F.2d at 473. In fact, in the Fifth Circuit, a provider such as Baylor "does not even have independent standing to seek redress under ERISA." See *Memorial Hospital*, 904 F.2d at 249; see also *Hermann Hospital*, 845 F.2d at 1288–90 (stating that a health care provider may not sue under ERISA as a non-enumerated party unless it claims an assignment of rights); *Foley*, 226 F.Supp.2d at 897. Instead, Baylor's relationship with ABCBS flows from and is governed by the contract between them. See *Foley*, 226 F.Supp.2d at 896–97 (recognizing "the practical situation that managed care often involves multiple contractual relationships entered into by various parties"). Because it seeks to enforce its contract with ABCBS, Baylor is suing on its own behalf as a creditor—not on behalf of its patient.

That Baylor could have sued as an assignee is not dispositive. *Methodist Hospitals*, 2003 WL 21266775 at *3; see also *Foley*, 226 F.Supp.2d at 891–92 (recognizing and overruling its previous, errant conclusion that the plaintiffs' claims were premised on the existence of an assignment where an independent, separate and distinct cause of action existed against the HMO); *In Home Health, Inc. v. Prudential Insurance Company of America*, 101 F.3d 600, 604, 607 (8th Cir.1996) (ordering that a provider's action be remanded to the state court after finding that the provider was not asserting a claim as an assignee of the patient, but as an "independent entity seeking damages as distinguished from plan benefits"). Baylor, as

the "master of [its] claim," may avoid federal jurisdiction by "exclusive reliance on state law." *Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425. Given Baylor's independent right of action as a creditor, the court will not recharacterize Baylor as an assignee. *See* Motion at 4; Reply at 2–3.

*Baptist Hospital of Southeast Texas v. United Healthcare of Texas,* 216 F.Supp.2d 625 (E.D.Tex.2002), relied on by ABCBS, is readily distinguishable. *See* Response ¶ 8(c); *see also* Reply at 5. In *Baptist Hospital,* an assignee of twenty-two employee benefit plan participants brought a state-court action seeking to recover the amount due for medical services rendered to plan participants. 216 F.Supp.2d at 626. Judge Cobb held that ERISA preempted Baptist Hospital's Texas Insurance Code claims because it sought to use the code as an alternative method of recovering plan benefits. *Id.* at 627. This conclusion arose from Baptist Hospital's "position as assignees of benefits owed under employer-sponsored benefit plans that are governed by ERISA." *Id.* In other words, Baptist Hospital could not sue independently on its state law claims—*as an assignee,* Baptist Hospital stood in the shoes of, and its rights were subrogated to, plan participants. The memorandum opinion issued by Judge Cobb in *Foley* six weeks after *Baptist Hospital* makes his reasoning clear:

> [An assignee's] claims are preempted because they are "dependent on, and derived from the rights of the plan beneficiaries to recover benefits under the terms of the plan." [*Transitional Hospitals,* 164 F.3d] at 955. By contrast, a medical provider's claim is not completely preempted where it is "independent of the plan's actual obligations under the terms of the insurance policy and in no way seeks to modify those obligations." *Memorial Hospital,* 904 F.2d at 250.

*Foley,* 226 F.Supp.2d at 901. *See also* D. Brian Hufford, *Managed Care Litigation: The Role of Providers,* 1216 PLI/Corp 487, 499 (2000) ("The critical question for the courts is whether the provider's claim is based on a direct cause of action against the managed care company, in which situation it is not preempted, or whether it is derivative to the patient's cause of action, where ERISA applies."), cited with approval in *Foley,* 226 F.Supp.2d at 896; *Orthopaedic Surgery Associates of San Antonio, P.A. v. Prudential Health Care Plan,* 147 F.Supp.2d 595, 603 (W.D.Tex. 2001); *Rogers,* 227 F.Supp.2d at 655.

Baylor, unlike the plaintiff in *Baptist Hospital,* has not sued on an assignment of benefits but on a contract. The case of *Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc.,* 187 F.3d 1045 (9th Cir.1999), is directly on point. In that case, the defendant insurer argued that the plaintiff providers' state law claims were preempted under ERISA because those claims "depend[ed] upon the assignment of the right to benefits for payment for medical services from their patients." *Id.* at 1050. The Ninth Circuit disagreed, finding that the providers' claims, "which arise from the terms of their provider agreements and could not be asserted by their patient-assignors, are not claims for benefits under the terms of ERISA plans . . ." *Id.*

Similarly, the substance of Baylor's claims against ABCBS are governed by the terms of the contract between them and not by ABCBS' employee benefit plan with Wall. Baylor alleges that it performed work authorized by ABCBS and that ABCBS, after agreeing by contract to pay for the work, paid for only a portion of it. Baylor's claim is not based upon ABCBS' promise to provide health care to Wall, but rather on ABCBS' promise to pay Baylor for providing services to Wall.

## 2. Baylor's Texas Insurance Code Claims

■ Baylor seeks to recover from ABCBS for violating the Texas Insurance Code. *See* Tex. Ins.Code Ann. Art. 20A.18B (Vernon Supp.2004), *repealed by* Acts 2001, 77th Leg., ch. 1419, § 31(b)(13)-(15) (effective June 1, 2003); Tex. Ins.Code Ann. Art. 3.70–3C (Vernon Supp.2004). Article 20A.18B and Article 3.70–3C, § 3A of the Texas Insurance Code require insurers, including health maintenance organizations (HMOs) and preferred provider organizations (PPOs), to promptly pay the claims of physicians and other health care providers. Article 20A.18B(c), a now repealed part of the Texas Health Maintenance Organization Act, required the HMO to "pay the total amount of the claim in accordance with the contract between the physician or provider and the [HMO]" within forty-five days of receiving a clean claim from a physician or provider. Tex. Ins.Code Ann. Art. 20A.18B(c)(1), *replaced by* Tex. Ins. Code Ann. tit. 6, § 843.338–.3385 (Vernon Pamphlet 2004).[8] Article 3.70–3C, on the other hand, applies to insurer health insurance policies that offer different benefits from the basic level of coverage for the use of preferred providers. *See* Tex. Ins.Code Ann. Art. 3.70–3C, § 2. The prompt payment provisions in Article 3.70–3C, § 3A require an insurer "[n]ot later than the 45th day after the date that [it] receives a clean claim" from a provider to "make a determination of whether the claim is payable and:"

(1) if the insurer determines the entire claim is payable, pay the total amount of the claim in accordance with the con-tract between the preferred provider and the insurer;

(2) if the insurer determines a portion of the claim is payable, pay the portion of the claim that is not in dispute and notify the preferred provider in writing why the remaining portion of the claim will not be paid; or

(3) if the insurer determines that the claim is not payable, notify the preferred provider in writing why the claim will not be paid.

Tex. Ins.Code Ann. Art. 3.70–3C, § 3A(e), (e)(1) (Vernon Supp.2004).

■ Article 20A.18B and Article 3.70–3C, § 3A of the Texas Insurance Code do not address an area of exclusive federal concern. ERISA does not preempt generally applicable state laws that impact ERISA plans only tenuously, remotely, or peripherally. *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. 2890. In this case, both state statutes require insurers to promptly pay the claims of physicians and other health care providers. Wall's ERISA plan provides only factual background for Baylor's statutory claims; the plan is peripheral to the statutory obligation Baylor seeks to enforce in this case, namely, prompt payment of Baylor for services rendered. The court will not, in the name of ERISA, insulate an insurer from liability against a third-party health care provider seeking to enforce its rights under a state statute that requires prompt payment of claims.

The substance of Baylor's statutory claims are governed by state laws that enforce the prompt payment of claims by insurers—not to plan participants or bene-

---

**8.** The Texas Insurance Code continues:

A health maintenance organization that violates Subsection (c) ... of this section is liable to a physician or provider for the full amount of billed charges submitted on the claim or the amount payable under the contracted penalty rate, less any amount previously paid or any charge for a service that is not covered by the health care plan. Tex. Ins.Code Ann. Art. 20A.18B(f), *replaced by* Tex. Ins.Code Ann tit. 6, § 843.342 (Vernon Pamphlet 2004).

ficiaries, but to independent health care providers. Nothing in ERISA prevents the Texas legislature from making this determination. By enforcing the Texas statutes at issue, plan participants' actual obligations under the terms of their various plans would remain constant and the plans' terms would be unmodified. See *Memorial Hospital*, 904 F.2d at 250. Baylor's statutory claims, thus, do not directly affect the relationship between traditional ERISA entities.

In sum, Baylor's statutory claims against ABCBS for violating Texas' prompt pay statutes do not enforce rights protected by ERISA's civil enforcement provision. See *Foley*, 226 F.Supp.2d at 901 (concluding that ERISA did not preempt the plaintiff's claims under TEX. INS.CODE ANN. Art. 20A.18B). The Texas Insurance Code—rather than Wall's employee benefit plan—is the basis of the claim that Baylor seeks to enforce. Baylor's right of recovery under the Texas statutes exists, therefore, independently of Wall's rights as a plan participant and is not completely preempted by ERISA.

### C. Costs and Attorney's Fees for Improper Removal

█ Additionally, Baylor asks the court to order ABCBS to pay Baylor's costs and expenses, including a reasonable attorney's fee, as provided in 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") and FED. R. CIV. P. 54(d) (permitting recovery of attorneys' fees and other costs). Motion at 1, 7; Reply at 6. As grounds for this motion, Baylor tersely asserts that ABCBS' Notice of Removal is "improper and defective and should be stricken." Motion at 7; Reply at 6.

The court finds that the nonremovability of this case is not so obvious as to warrant an award of costs. See *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir.1993) (stating that, by amending § 1447(c), Congress did not intend the "routine imposition of attorney's fees against the removing party when the party properly removed"). When removability of the case is plausible, a district court should deny costs and fees. See WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739, at 488 (3d ed.1998); see also *Miranti*, 3 F.3d at 928–29 (refusing to award attorney's fees to the plaintiff where the defendant's removal was reasonable). Here, ABCBS has made a colorable argument for removal, given that Baylor is both an independent third-party provider of medical services and an assignee of Wall's rights as a plan participant. Therefore, Baylor's request for costs and attorney's fees under 28 U.S.C. § 1447(c) and FED. R. CIV. P. 54 is denied.

### III. CONCLUSION

As set forth above, Baylor is asserting state-law claims as an independent, third-party provider of medical services. ABCBS has not presented any issue involving matters Congress intended to be regulated exclusively by ERISA. The court, therefore, lacks subject matter jurisdiction over both Baylor's breach of contract claims and its Texas Insurance Code claims. Accordingly, Baylor's motion is **GRANTED**, and this case is **REMANDED** to the County Court at Law No. 1 of Dallas County, Texas. The clerk shall mail a certified copy of this memorandum order to the county clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED.**